**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT WESTON,** | : | **CIVIL ACTION NO. 1:20-CV-996** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CATRICIA L. HOWARD,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

**MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner

Robert Weston seeks to vacate his conviction and sentence for unlawful possession

of a firearm based on the Supreme Court's decision in <u>Rehaif v. United States</u>, 588

U.S. __, 139 S. Ct. 2191 (2019).  We will deny the petition for writ of habeas corpus

with prejudice.

**I.    Factual Background & Procedural History**

Following a jury trial in the United States District Court for the Eastern

District of Pennsylvania, Weston was convicted of unlawful possession of a firearm

in violation of 18 U.S.C. § 922(g) in 2011.  <u>United States v. Weston</u>, No. 2:10-CR-281-3

(E.D. Pa. judgment entered March 9, 2011).  The court sentenced Weston to a

mandatory minimum sentence of 180 months imprisonment on January 31, 2012

under the Armed Career Criminal Act ("ACCA").  Weston appealed to the United

States Court of Appeals for the Third Circuit, which affirmed the judgment of

sentence on May 6, 2013.  <u>United States v. Weston</u>, 526 F. App'x 196, 203 (3d Cir.

2013).  Weston filed a petition for writ of certiorari to the United States Supreme

Court, which was denied on October 7, 2013.  <u>Weston v. United States</u>, 571 U.S. 922 (2013).

On March 10, 2014, Weston, acting *pro se*, moved to vacate, set aside, or correct the judgment pursuant to 28 U.S.C. § 2255.  <u>Weston</u>, No. 2:10-CR-281-3, Doc. 138.  The Eastern District issued an opinion and order on July 30, 2015 that scheduled an evidentiary hearing on Weston's claim of ineffective assistance of trial counsel but denied the motion in all other respects.  <u>Id.</u>, Doc. 151.  The court subsequently appointed counsel for Weston, and on December 3, 2015, Weston filed a motion through counsel seeking reconsideration of the denial of the Section 2255 motion.  <u>Id.</u>, Doc. 159.  The motion for reconsideration asserted that the ineffectiveness of trial counsel resulted in one of Weston's prior convictions being improperly considered as a predicate offense for purposes of the ACCA.  <u>Id.</u>  The court granted the motion for reconsideration on December 2, 2016 and scheduled Weston for resentencing.  <u>Id.</u>, Doc. 170.  Following several continuances, the court resentenced Weston on March 7, 2019, again to a term of imprisonment of 180 months.  <u>Id.</u>, Doc. 198.  Weston did not file any additional motions challenging his sentence under Section 2255.

Weston filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on June 19, 2020.  In the petition, Weston asserts that his conviction for unlawful possession of a firearm is invalid under the Supreme Court's holding in <u>Rehaif</u>, 139 S. Ct. at 2191.  Briefing on the petition is complete and it is ripe for the court's disposition.

II.   <u>**Savings Clause**</u>

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  <u>See</u> 28 U.S.C. § 2255(e).  The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002) (citing <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974)).  Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective."  <u>Id.</u> at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  <u>Cradle v. U.S. *ex rel.* Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*).  Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  <u>Id.</u> at 539.  "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative."  <u>Id.</u> at 538.

In <u>Dorsainvil</u>, the Third Circuit held that the remedy under Section 2255 is "inadequate or ineffective," permitting resort to Section 2241, when a petitioner who previously filed a Section 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Weston's claim for habeas corpus relief is based on <u>Rehaif</u>, where the Court held that a conviction for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) requires proof that the defendant knowingly violated both the conduct and status elements of the statute. <u>Rehaif</u>, 139 S. Ct. at 2194. Weston argues that he may properly bring his claim under Section 2241 because he is actually innocent of unlawful possession of a firearm under <u>Rehaif</u>. (Doc. 2 at 5). Weston notes that "at trial he was not found to have knowingly violated the 'status' element of being a felon in possession of a firearm." (<u>Id.</u>)

Respondents argue that the court does not have jurisdiction to consider Weston's habeas petition because his claims "expressly challenge the validity of his conviction and the continued imposition of his sentence." (Doc. 9 at 7). Respondents further argue that Section 2255 is neither inadequate nor ineffective to adjudicate Weston's <u>Rehaif</u> claim because Weston "raised his <u>Rehaif</u> claim as part of his appeal before the Third Circuit." (<u>Id.</u>)

Having reviewed the parties' arguments, we find that Weston may bring his <u>Rehaif</u> knowledge of status claim pursuant to the Third Circuit's holding in <u>Dorsainvil</u>. The Court's decision in <u>Rehaif</u> could negate Weston's conviction for

unlawful possession of a firearm, and Weston's Section 2255 motion had already been fully adjudicated by the time <u>Rehaif</u> was decided in June 2019.

Respondents' argument that Weston already raised his <u>Rehaif</u> claim on appeal to the Third Circuit is without merit.  Weston's appeal was filed and resolved in 2013, six years before <u>Rehaif</u> was decided.  We accordingly proceed to the merits of Weston's claim.

**III.   <u>Discussion</u>**

Section 922(g) states that it is unlawful for any person who has been convicted of a crime "punishable by imprisonment for a term exceeding one year" to possess a firearm.  18 U.S.C. § 922(g)(1).  Individuals who "knowingly" violate this provision are subject to criminal penalties.  18 U.S.C. § 924(a)(2).

In <u>Rehaif</u>, the Supreme Court clarified the *mens rea* that is necessary for a criminal defendant to knowingly violate Section 922(g).  139 S. Ct. at 2194.  The Court held that the word "knowingly" applies to both the defendant's conduct and the defendant's status.  <u>Id.</u>  Thus, for the defendant to be convicted, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  <u>Id.</u>  In other words, "[i]n felon-in-possession cases after <u>Rehaif</u>, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  <u>Greer v. United States</u>, 593 U.S. __, 141 S. Ct. 2090, 2095 (2021) (emphasis in original).

Petitioners seeking relief based on <u>Rehaif's</u> knowledge of status requirement face a high bar because "convicted felons ordinarily know that they are convicted

felons." See id. at 2095, 2097.  For this reason, petitioners who have been found guilty of unlawful possession of a firearm in violation of Section 922(g) must establish a reasonable probability that they would have been acquitted if the jury had been advised of the correct *mens rea* standard.  Cf. id. at 2097 (noting that criminal defendant seeking relief based on Rehaif on direct appeal from his conviction "has the burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted."); see also Abrams v. McConnell, 3 F.4th 783, 786 (5th Cir. 2021) (applying Greer to habeas corpus petition brought under 28 U.S.C. § 2241); Cartman v. Finley, No. 1:20-CV-432, 2021 WL 2682034, at *4 (M.D. Pa. June 30, 2021) (same).  This ordinarily requires petitioners to argue or represent that "they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms."  Greer, 141 S. Ct. at 2098.

Weston asserts that his conviction for unlawful possession of a firearm is unlawful under Rehaif.  (Doc. 1).  He argues that he was not found to have knowingly violated the status element of § 922(g) during his trial and that he was not aware "that he belonged to a group of people who are prohibited from possess[ing] firearms."  (Doc. 2 at 5-6).

Weston's Rehaif claim plainly fails.  He argues that his conviction is invalid because he was not found to have knowingly violated the status element of Section 922(g), but he does not state what evidence he would have presented to show that he "did not in fact know" that he was a felon when he possessed the firearm that

gave rise to his conviction.  See Greer, 141 S. Ct. at 2098.  And the record of

Weston's criminal case contains numerous instances in which Weston

acknowledged that he knew he was a felon.  See, e.g., Weston, No. 2:10-CR-281-3,

Doc. 138 at 13 (conceding that Weston had a prior felony conviction and that the

Commonwealth had proven the existence of that conviction at trial); id. Doc. 159 at

3 ("It is conceded that the 2001 conviction was for cocaine as set forth in the Bill of

Information and should count as an ACCA predicate conviction").  Weston has

therefore failed to show that he would have been acquitted if the jury had been

advised of the correct *mens rea* standard.  Id. at 2097.

Weston's argument that he did not know "that he belonged to a group of

people who are prohibited from possess[ing] firearms" likewise fails.  Rehaif does

not require proof that the defendant knew that his status prohibited him from

possessing a firearm; it simply requires the defendant to knowingly possess a

firearm and to know that he had previously been convicted of a felony at the time

he did so.  See Greer, 141 S. Ct. at 2095 ("In felon-in-possession cases after Rehaif,

the Government must prove not only that the defendant knew he possessed a

firearm, but also that *he knew he was a felon* when he possessed the firearm."

(emphasis in original)); United States v. Boyd, 999 F.3d 171, 182 (3d Cir. 2021)

(noting that Rehaif does not require proof that the defendant knew he "could not

legally possess a firearm," it only requires proof that the defendant knew he was in

the relevant category).[1]  As noted above, Weston has not provided any evidence to

---

[1] See also United States v. Bowens, 938 F.3d 790 (6th Cir. 2019) (noting that
the government "must prove that defendants knew they were unlawful users of a

refute the concessions of his prior felony conviction in the record or proffered any

other evidence tending to prove that he did not in fact know he was a felon, so his

argument is without merit.

**IV.**   <u>**Conclusion**</u>

We will deny Weston's petition (Doc. 1) for writ of habeas corpus with

prejudice.  An appropriate order shall issue.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 31, 2022

---

controlled substance, but not, as defendants appear to argue, that they knew
unlawful users of controlled substances were prohibited from possessing firearms
under federal law"); <u>Richardson v. Warden of USP-Allenwood</u>, No. 1:20-CV-633,
2021 WL 5038960, at *5 (M.D. Pa. Oct. 29, 2021) (Conner, J.) (noting that <u>Rehaif</u> only
requires proof that the defendant knew he was a felon and not that his status as a
felon prohibited him from possessing a firearm); <u>Higdon v. Finley</u>, No. 1:20-CV-221,
2021 WL 4819308, at *3 (M.D. Pa. Oct. 15, 2021) (Conner, J.) (same); <u>Cartman</u>, 2021
WL 2682034, at *4 ("Importantly, the government was not required to prove that
Cartman specifically knew that he was prohibited from possessing firearms");
<u>Mueller v. White</u>, No. 4:19-CV-1751, 2021 WL 1516471, at *4 (M.D. Pa. Apr. 16, 2021)
(Brann, J.) (holding that <u>Rehaif</u> does not require "proof that the defendant
specifically knew that he was prohibited from possessing firearms"); <u>accord</u> <u>Varner
v. White</u>, No. 4:19-CV-1667, 2021 WL 1517848, at *3 (M.D. Pa. Apr. 16, 2021) (Brann,
J.); <u>Oscar v. Warden, USP-Allenwood</u>, No. 3:19-CV-1800, 2020 WL 4934668, at *2
(M.D. Pa. Aug. 24, 2020) (Mannion, J.) <u>Guerrero v. Quay</u>, No. 1:20-CV-39, 2020 WL
4226566, at *4 (M.D. Pa. July 23, 2020) (Rambo, J.).